# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DEWAYNE HOWARD (#N-80210),     )
         )
     Plaintiff,     )
         )     No. 10 C 0675
     v.     )
         )     Judge George W. Lindberg
COUNTY OF COOK, et al.,     )
         )
     Defendants.     )

## MEMORANDUM OPINION AND ORDER

Plaintiff, DeWayne Howard, an inmate presently in state custody at Centralia Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that the Defendants, County of Cook, City of Chicago, and City of Chicago Police Officers Kurtovic, Tanovic, Purlo, and John Doe (hereinafter, "Defendants"), violated his constitutional rights by subjecting him to false arrest and false imprisonment.

Plaintiff alleges that on February 12, 2008 and thereafter, Defendants held him without a valid finding of probable cause following his warrantless arrest. Although Plaintiff phrases his claims as false arrest and false imprisonment, his real contention is that the criminal complaints used at his *Gerstein*[1] hearing were insufficient and/or fraudulent, leading to an improper finding of probable cause. He further alleges that the City of Chicago is liable for failure to train police officers how to complete a criminal complaint.

---

[1]Under *Gerstein v. Pugh,* 420 U.S. 103 (1975) and its progeny, persons under arrest are entitled to a prompt, neutral judicial determination of probable cause to justify keeping them in custody. This hearing, without some exigent circumstance occurs within 48 hours of arrest. *See Haywood v. City of Chicago*, 378 F.3d 714, 717 (7th Cir. 2004).

On initial review pursuant to 28 U.S.C. § 1915A, the Court determined that Plaintiff had stated a claim under the Civil Rights Act, 42 U.S.C. § 1983 as to the City of Chicago, and Officers Kurtovic, Tanovic, and Purlo. Although Plaintiff has tentatively identified the John Doe Defendant as a Chicago Police Officer named Daniel Smith, *see* Plaintiff's complaint ¶ 6, he has made no attempt to amend his complaint to name him and have him served.

Presently before the Court is Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim. They further allege that, with respect to Plaintiff's *Monell* claim against the City of Chicago, because Plaintiff's false arrest and due process claims are barred by *Heck*, there can be no claim against the City. Finally, Defendants argue the Plaintiff's claims are barred under the doctrine of collateral estoppel. For the reasons stated in this order, Defendants' motion to dismiss is granted.

It is well established that *pro se* complaints are to be liberally construed. *Haines* v. *Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson* v. *Washington,* 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)).

The allegations "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo*, 526 F.3d at 1084 (quotation omitted). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable

inferences in the plaintiff's favor. *Tamayo*, 526 F.3d at 1081. However, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

## BACKGROUND

Plaintiff alleges the following facts in his second amended complaint, which are accepted as true for purposes of the motion to dismiss. On February 12, 2008, Plaintiff was arrested by Defendant Police Officers without a warrant. Plaintiff states that the complaints sworn out against him were forged and failed to properly charge him with a violation. He further alleges that while he had a *Gerstein* hearing on February 13, 2008, the probable cause finding was invalid because the complaints against him were improperly sworn.

Plaintiff was charged with two criminal complaints of home invasion. With respect to one of the complaints, he alleges that it was improperly sworn because it was signed by a police officer and initialed indicating that it was signed on the Complainant's behalf. He further alleges that because the first one is invalid, the other complaint, signed by the complaining witness, is invalid as well. He also alleges, regarding the complaints, that they alleged no criminal offense under Illinois law.

Plaintiff alleges that the City of Chicago, pursuant to *Monell v. Dep't. of Soc. Serv. of City of New York*, 436 U.S. 658 (1978), failed to train the Defendant Police Officers how to effect an arrest and how to properly prepare criminal complaints. Plaintiff sues the Defendant Police Officers in both their individual and official capacities.

## ANALYSIS

### A.    Plaintiff Pleads himself out of Court on any Violation of the Fourth Amendment.

The Seventh Circuit Court of Appeals has repeatedly held that most Fourth Amendment claims can go forward despite the ruling in *Heck*. *See Wallace v. City of Chicago*, 440 F. 3d 421, 426 (7th Cir. 2006). However, in this case, Plaintiff's complaint is not about the investigation of the underlying criminal action, rather it is about police conduct following his arrest.

In the present case, Plaintiff does allege that he was arrested without a warrant. However, a warrantless arrest is allowed under the Fourth Amendment, provided there is a prompt, neutral judicial determination of probable cause. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56-57 (1991); *citing Gerstein v. Pugh,* 420 U.S. 103, 125 (1975). Plaintiff alleges in his complaint that he was arrested between 12:00 and 12:30 on February 12, 2008, and that he was taken before a judge on February 13, 2008 at 10:00. *See* Plaintiff's complaint, ¶¶1 and 4. Plaintiff also admits in his reply that he was "brought before a magistrate" within 48 hours of his arrest. *See* Plaintiff's response, p. 15, ¶ 4. At the *Gerstein* hearing he alleges that the arrest report was read, as well as the criminal complaints being brought against him. *See* Plaintiff's complaint, ¶ 4.

Plaintiff's real complaint centers around the criminal complaints that were used at his *Gerstein* hearing to make a determination of probable cause against him. He alleges that the complaints do not properly charge him with the crime of home invasion. By statute, a criminal complaint must be in writing and must state: 1) the name of the accused; 2) the offense with which

the accused is charged; 3) the time and place of the offense; and 4) be subscribed and sworn by the complainant.  725 ILCS 5/107-10.

Furthermore, under 725 ILCS 111-3, the charging instrument must set forth  the nature and elements of the offense charged. 725 ILCS 5/111-3 (a)(3) (West 1992). Illinois courts have held that where the statute defining the offense specifies the type of conduct prohibited, this requirement is satisfied if the charging instrument states the offense in the language of the statute.  *People v. Devine*, 295 Ill.App.3d 537, 542-43 692 N.E.2d 785, 789 (1st Dist. 1998).

Both of the criminal complaints brought against Plaintiff state the name of the accused, the statutory provision, the name and nature of the offense, and the date and address of the offense. *See* Plaintiff's complaint, exhibits A and B.  Both complaints specifically state that he committed the crime of home invasion, cite to the appropriate statute, 720 ILCS 5/12-11, and respectively mirror the language from the statute describing the offense: "He did knowingly and without authority enter the dwelling of R. Gunn Hollingsworth/Paula Lund when he knows that one or more persons are present."[2]  Consequently, the Court rejects Plaintiff's argument that the complaints were somehow substantively deficient, based upon the attachments to his complaint and a plain reading of Illinois law.

Plaintiff also alleges that the complaints were somehow deficient because the complaint of Paula Lund was not signed by her, but instead by someone else who initialed the complaint on her behalf.  The Seventh Circuit Court of Appeals has held that another persons signature on a criminal

---

[2]Illinois statute provides that, "A person who is not a peace officer acting in the line of duty commits home invasion when without authority he or she knowingly enters the dwelling place of another when he or she knows or has reason to know that one or more persons is present..."  720 ILCS 5/12-11.

complaint is acceptable, so long as that person initials the signature indicating that he or she is signing for the complainant. *See Haywood v. City of Chicago,* 378 F. 3d 714, 719 (7th Cir. 2004). The Lund complaint thus appears valid.

Even if Lund's complaint were improper, there is still the properly sworn complaint of Complainant Hollingsworth and the arrest report which, according to Plaintiff's complaint, were both used by the court to make its determination of probable cause. Plaintiff argues conclusorily in his response to Defendants' motion to dismiss that, "because the complaint for Paula Lund was forged in this case it raises the question of the validity of the second complaint for R. Gunn Hollingsworth..." *See* Plaintiff's complaint, p. 6. Plaintiff's speculative, conclusory and unsupported allegation of forgery of the second complaint does not satisfy the pleading standard necessary to state a claim. "[A] court need not accept as true 'legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, at 581, *quoting Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009).

Nowhere in his complaint does Plaintiff challenge the arrest report, either in substance or execution. Even if the criminal court had used the complaint of Mr. Hollingsworth or just the arrest report, it would have been satisfactory to satisfy the requirements of *Gerstein*. *See Haywood v. City of Chicago*, 378 F.3d 714, 719 (7th Cir. 2004).

Plaintiff pleads himself out of Court by admitting that the procedure followed in his detention following arrest was constitutionally adequate. Based upon Plaintiff's allegations, documents attached to his complaint, and his arguments in response to Defendants' motion, he cannot state any Fourth Amendment violation. He admits that his procedural rights were protected following his arrest and therefore Plaintiff has pled himself out of Court.

**B.     Plaintiff's Claims are *Heck* Barred.**

Defendants argue in their motion that, pursuant to Heck, Plaintiff cannot proceed with his false arrest and Fourth Amendment due process claims, because he was subsequently convicted of the offense for which he was arrested, and the conviction is still valid.

Under Heck v. Humphrey, 512 U.S. 477 (1994), a § 1983 plaintiff may not proceed with a claim for money damages, if a favorable ruling "would necessarily imply the invalidity of his conviction or sentence" unless and until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.

If, as argued by Plaintiff, all three documents used by the criminal court at the *Gerstein* hearing to make a finding of probable cause (the two criminal complaints and the arrest report) were invalid, such would necessarily call into question the validity of Plaintiff's complaint *See People v. Devine*, 295 Ill.App.3d 537, 542-43 692 N.E.2d 785, 789 (1st Dist. 1998). Plaintiff acknowledges this in his response to Defendants' motion to dismiss. *See* Plaintiff's response to Defendants' motion, p. 9). Plaintiff states that, although he seeks money damages in this suit, a finding of a due process violation in this matter "may" necessarily undermine the validity of his conviction. *Id.* If the Court were to make a determination that, as Plaintiff alleges, all of the charging documents were invalid, voiding his conviction, and Plaintiff admits as such in his response to Defendant's motion to dismiss, his claims are *Heck* barred.

As Plaintiff has pled no Fourth Amendment violation and his claims, by his own admission, are *Heck* barred, the Court need not evaluate whether his claims are also barred under the doctrine

of collateral estoppel. Further, because Plaintiff has not sufficiently pled an underlying constitutional violation, and his claim against the City of Chicago pursuant to *Monell v. Dep't. of Soc. Serv. of City of New York*, 436 U.S. 658 (1978) is entirely dependent upon the underlying claim, that claim is dismissed, as well. His complaint is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [#14] is granted and the complaint is dismissed with prejudice. All matters pending before the Court having been resolved, this civil case is terminated.


Dated: __12/14/2010_____

George W. Lindberg
United States District Court Judge