Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 0675 (App. No. 10-3) | **DATE** | 1/26/11 |
| **CASE TITLE** | DeWayne Howard (#N-80210) v. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's correspondence [#33] is construed as a motion for leave to appeal *in forma pauperis* and is denied. The Court certifies that the appeal is not taken in good faith and orders the plaintiff to pay the appellate fees of $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. The Clerk is directed to send a copy of this order to the PLRA Attorney, U.S. Court of Appeals for the Seventh Circuit.

■ [**For further details see text below.**]        Docketing to mail notices.

## STATEMENT

The plaintiff has filed a notice of appeal from the judgment entered on December 14, 2010 and has submitted correspondence to the Court which the Court construes as his motion to proceed *in forma pauperis*. For the reasons stated in the December 14, 2010 order, the Court finds that this action does not raise a substantial issue meriting appellate review. Specifically, the Court found that the plaintiff had pled himself out of court with respect to his false arrest claims, and that his claims were barred pursuant to the ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). As the plaintiff has raised no substantial issue meriting appellate review in his motion for leave to appeal *in forma pauperis*, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith and that no appeal should be taken. When a suit is found to be frivolous, an ensuing appeal generally cannot be "in good faith" under § 1915(a)(3). *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000). Additionally, the plaintiff has provided trust fund information for only one month's trust fund activity, and the information is not properly certified by the trust fund officer at his place of confinement.

Under the rules of the U.S. Court of Appeals for the Seventh Circuit Court, if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis* but rather must pay the appellate fees in full for the appeal to go forward. Consequently, the plaintiff must pay the full $455 within fourteen days or the Court of Appeals may dismiss his appeal for want of prosecution. *See Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). If the plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within thirty days of service of this order. *See* Fed. R. App. P. 24(a)(5).

**(CONTINUED)**

AWL

**STATEMENT (continued)**

In sum, the plaintiff's motion for leave to appeal *in forma pauperis* is denied. The plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within fourteen days of the date of this order. If the plaintiff fails to comply with this order, the Court of Appeals may dismiss his appeal. The plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits *in forma pauperis*. The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. The plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.

Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify the plaintiff's name, as well as the district court and appellate court case numbers assigned to this action.

The Clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.